UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Civil Action No. 3:22-cv-74-DJH

ANTHONY FREEMAN　　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
216 Haycraft Street
Elizabethtown, Ky 42701

VS.　　　　　　　　　　　　　　　　　**COMPLAINT**

SHERIFF RUSSELL MCCOY
Larue County Sheriff's Department
209 West High Street
Suite 6
Hodgenville, Ky 42748

and

UNKNOWN EMPLOYEES OF THE LARUE
COUNTY SHERIFF'S DEPARTMENT
Larue County Sheriff's Department
209 West High Street
Suite 6
Hodgenville, Ky 42748　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

* * * * * * * * * * * *

Comes the Plaintiff, ANTHONY FREEMAN in person, and by counsel, and for his cause of action states as follows:

**I.　　JURISDICTION**

1. That jurisdiction is based upon 42 USC 1983, 42 USC 1981, 42 USC 1985, Title VII of the Civil Rights Act of 1964, 42 USC 2000(e), §703(a)(1), Civil Rights Act of 1961, the First and Fourteenth Amendment of the Constitution of the United States of America, the Constitution of the Commonwealth of Kentucky, KRS 344, et seq., and Public Law 96-272.

## II. PARTIES

1. The Plaintiff is an African American male who was driving through Larue County on or about July 31, 2021 at approximately 9:30 P.M.

2. That The Defendant is the duly elected Sheriff of Larue County, Kentucky and is the supervisor of employees under his control.

3. That said Defendants who had contact with Anthony Freeman are employees, agents and/or servants of the Larue County Sheriff's Department and were acting under the direction and control of the Defendant, Sheriff McCoy.

## III. FACTUAL ISSUES AND LEGAL ISSUES

4. That on or about the 31st day of July, 2021, Anthony Freeman was driving a 2006 Chrysler Magnum on 31W near Booker when he was pulled over by an employee of the Larue County Sheriff's Department in a vehicle with appropriate markings to belong to the Larue County Sheriff's Department.

5. That the alleged probable cause for the stop was that the vehicle in which Anthony Freeman was driving has "…illegal headlights…"

6. That Anthony Freeman provided the employee with his license and registration of the car.

7. At that time two other employees of the Defendant's sheriff's Department arrived on the scene.

8. That the Plaintiff had been driving this vehicle while his truck was in the shop, and as never advised, nor stopped previously because of illegal headlights. These were the headlights that came with the vehicle and had not been altered in any manner.

9. That Defendant, employee number one advised Plaintiff that he was "done with him" but did not know what the other detectives wanted to do.

10. That the other two officers identified themselves as detectives of the Larue County Sheriff's Department.

11. That Defendant, employee's—detectives of the Larue County Sheriff's Department—proceeded to search or attempted to search the vehicle that Anthony Freeman was driving.

12. That as Plaintiff called his attorney, he was dragged out of the vehicle by one of the two Defendants' employees. When they heard a voice on Plaintiff's cell phone, they stopped the assault on Plaintiff. Plaintiff's attorney and Plaintiff's attorney's wife were oral witnesses to everything that occurred. Plaintiff's girl friend was a witness orally to some of the events.

13. That the physical assault and verbal abuse subsided when the two detectives realized Plaintiff's attorney was on the phone and hearing everything that was going on!

14. That a drug dog was there with the two detectives. They had the dog run around the car twelve times and finally by command sit by the car door. Nothing was found. There was no probable cause and/or exigent circumstances to allow a search of the vehicle.

15. That Plaintiff was detained for at least forty-five minutes and then Plaintiff was free to go.

16. That Klawn and his wife, Clarissa Bunch were witnesses by phone to the entire event.

17. That Anthony's girlfriend, Kystal Satterley was a witness by phone to the event.

18. That as a result of the physical assault the Plaintiff suffered physical injury to his left shoulder.

19. That as a result of the event, and the physical assault, the Plaintiff suffered severe metal anguish resulting in Plaintiff seeking counseling and therapy with a diagnosis of PTSD.

20. That in violation of clearly established statutory law and the constitutional rights the Plaintiff, Anthony Freeman, was racially profiled, stopped because of his race, and the type of new car he was driving, physically assaulted because of his race, detained and traumatized because of his race without any probable cause for the stop or the search of his vehicle for drugs.

### IV. DEPRIVATION OF CIVIL RIGHTS, 42 USC § 1983, AND TITLE VI OF THE CIVIL RIGHTS, ACT OF 1964, 42 USC § 2000d

21. That as a result of the racial profiling and detention because the Plaintiff was a member of the African American race, Anthony Freeman was deprived of his liberty and civil rights afforded to him pursuant to 42 USC 1983, 42 USC 1985 Title VII of the Civil Right Act of 1964 in that the Defendants were acting under color of law and were employees of a State agency.

22. That the conduct and reckless indifference of the Defendants was the direct cause, proximate cause and a substantial factor in causing Anthony Freeman to be deprived of his civil rights and of his constitutional rights pursuant to the 14th Amendment, in violation of Title VI of the Civil Rights Act of 1964, 42 USC § 2000d because of Plaintiff's race, *to wit*, racial profiling, dragging him out of his car, detaining him for approximately forty five minutes and then letting him go Plaintiff is entitled to recover from said Defendants for the following damages, including but not limited to:

    a. Medical expenses,
    b. Pain and suffering, mental anguish,
    c. Psychiatric and therapeutic expense, and
    d. Severe physical injuries
    e. Embarrassment and humiliation

### V. ASSAULT

` 23. That the two Defendants, identified as the two detectives of the Larue County Sheriff's Department Assaulted the person of Anthony Freeman causing injury and/or used excessive force in removing Anthony Freeman from said vehicle.

**WHEREFORE**, Plaintiff, Anthony Freeman demands judgment against Sheriff Russel McCoy, Larue County Sheriff's Department and unknown employees—Detectives of the Larue County Sheriff's Department, as follows:

A. A finding of deprivation of the Plaintiffs' civil rights pursuant 42 USC § 1983, 1988, *et seq*.; Title VI of the Civil Rights Act of 1964; the 14th Amendment to the Constitution of the United States of America, and all applicable constitutional provisions of the Constitution of the Commonwealth of Kentucky, KRS 344.010. et. Seq. and any and all other appropriate statutory law; and, negligence.

B. Assault and or excessive force physically removing Plaintiff from his vehicle

C. Compensatory damages both actual, incidental, punitive and/or exemplary where allowed by law, divisible to the individual Plaintiffs in a sum not to exceed amount that exceeds the jurisdiction of the United States District Court and/or $250,000.

D. Attorney's fees where allowed by law;

E. All court costs herein expended;

F. Any and all other relief to which the Plaintiff may appear entitled;

G. Trial by Jury.

Respectfully submitted,

*/s/ Teddy B. Gordon*
TEDDY B. GORDON
ATTORNEY AT LAW
616 South Fifth Street
Louisville, Kentucky 40202
(502) 585-3534

tbearaty@aol.com

*Counsel for Plaintiff*