UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22-CV-74-DJH

ANTHONY FREEMAN                                                              PLAINTIFF

VS.                             **MEMORANDUM OF LAW**

SHERIFF RUSSELL MCCOY                                                      DEFENDANTS
and
UNKNOWN EMPLOYEES OF THE LARUE COUNTY
SHERIFF'S DEPARTMENT

\* \* \* \* \* \* \* \* \* \* \* \*

Comes the Defendant, SHERIFF RUSSELL MCCOY, by counsel, and in Support of his Motion to Dismiss pursuant to FRCP 12, states as follows:

Plaintiff, ANTHONY FREEMAN ("FREEMAN") alleges in his Complaint that he was racially profiled by members of the Larue County Sheriff's Office ("LCSO"). Not yet knowing their identity, FREEMAN named them "UNKNOWN EMPLOYEES OF THE LARUE COUNTY SHERIFF'S DEPARTMENT as Defendants. FREEMAN includes an assault state law claim against two (2) of the Unknown Defendants. Inexplicably he names SHERIFF RUSSELL MCCOY ("MCCOY") as a Defendant.

### I.   BACKGROUND

FREEMAN asserts that a traffic stop on July 31, 2021 was racially motivated.[1] The factual allegation associated with the causes of action commence in Paragraph 4 of the Complaint (DN1)

---

[1] See Complaint, Paragraph 21 & 22.

1

and conclude with Paragraph 20. FREEMAN's Complaint fails to mention MCCOY anywhere within the seventeen (17) paragraphs providing facts associated with the alleged racial profiling, and to support a cause of action against MCCOY.

The only reference within the Complaint of FREEMAN regarding MCCOY is set in Paragraphs 2 and 3.

### PARTIES

> 2. That the Defendant is the duly elected Sheriff of Larue County, Kentucky and is the supervisor of employees under his control.
>
> 3. That said Defendants who had contact with Anthony Freeman are employees, agents and/or servants of the Larue County Sheriff's Department and were acting under the direction and control of the Defendant, Sheriff McCoy.

## II.   LEGAL STANDARD

If a Complaint "fails to state a claim upon which relief can be granted" then it is subject to dismissal. See FRCP 12(b)(6). The Court must determine whether a Complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" when assessing the entitlement to dismiss pursuant to FRCP 12(b)(6). *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). A claim is plausible if a Complaint contains: (1) more than a formulaic recitation of a cause of action's elements; and (2) the allegations suggest a right to relief above a speculative level. A Complaint which offers "labels and conclusions . . . will not do" nor one which only "tenders marked assertions devoid of

further factual enhancement." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross v. Blue Shield*, 552 F. 3rd 43Q434 (6th Cir. 2008).

A claim is plausible if "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, at 678, citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. ARGUMENT

MCCOY moves this Court to dismiss FREEMAN'S claims against him. MCCOY is identified ONLY in the II. Parties portion (Paragraphs 2 & 3) of the Complaint. Nowhere within the "FACTUAL ISSUES AND LEGAL ISSUES" does FREEMAN identify any acts or failures to act of MCCOY that are associated with the July 31, 2021 traffic stop. FREEMAN identified MCCOY as "the duly elected Sheriff of Larue County, Kentucky and is the supervisor of employee under his control." [2] Paragraph 2 of the Complaint is a mere "label and conclusion" without any factual support throughout the remainder of the Complaint to associate a cause of action with McCoy on July

---

[2] Complaint, Paragraph 2.

3

31, 2021; thereby providing "sufficient factual matter" to state a claim for relief.

For FREEMAN to plead a plausible §1983 claim, he must allege facts demonstrating that MCCOY, as a state actor, deprived FREEMAN of a right secured by the U.S. Constitution or Federal Law. FREEMAN has the burden to plead in his Complaint "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconducted alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550 U.S. at 556).

FREEMAN may contend that Paragraph 3 of the Complaint pleads sufficient "facts" to avoid a dismissal, but it likewise is deficient of any facts and again only recites "labels and conclusions." FREEMAN alleges the UNKNOWN DEFENDANTS "were acting under the direction and control of Defendant, SHERIFF MCCOY"[3] but fails to plead any facts associated with MCCOY's actions, i.e., direction(s) and control. Again, for the reasons stated above, FREEMAN failed to supply facts to a viable claim for relief against MCCOY.

At best, the mere "labels or conclusions" would appear to allege a claim predicated upon a failure to supervise the UNKOWN DEFENDANTS, but such a claim does not exist when no facts are

---

[3] Complaint, Paragraph 3

provided by FREEMAN to plausibly suggest to the Court that MCCOY failed to do SOMETHING!

Even if FREEMAN had somehow met the pleading standard under FRCP 12(b) as to FREEMAN's alleged claims of inadequate supervision, "the doctrine of *respondeat superior,* or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors." *Elliott v. Causey*, 1:13CV-P162-M, 2014 WL 2930784 (W.D. Ky. June 27, 2014) *citing Monell v. Dep't. of Social Services*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't. of Corr.,* 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Specifically, "a failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it, and here the record is void of any such evidence.

FREEMAN asserts a "Fourteenth Amendment Supervisory Liability" cause of action against MCCOY. § 1983 liability must be premised on more than respondeat superior, or the right to control employees. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). *Phillips v. Roane Cnty*., 534 F.3d 531, 543 (6th Cir. 2008) provides a clear status of the law regarding supervisory liability:

A supervisor is not liable pursuant to § 1983 for failing to train unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

## IV. CONCLUSION

For the foregoing reasons the Defendant, SHERIFF RUSEEEL MCCOY, respectfully request this Honorable Court grant the Motion to Dismiss pursuant to FRCP 12.

/s/ R. Keith Bond
R. KEITH BOND
COLEMAN LOCHMILLER & BOND
P.O. BOX 1177
ELIZABETHTOWN, KY  42702-1177
(270) 737-0600
ATTORNEY FOR SHERIFF RUSSELL MCCOY

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I electronically filed the foregoing with the Clerk of the Court by using the ECF document filing system of the Western District of Kentucky, which will provide electronic service to the following:

Teddy Gordon
616 South Fifth Street
Louisville, KY 40202

/s/ R. Keith Bond
R. KEITH BOND