## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## 3:22-CV-74-DJH

**ANTHONY FREEMAN**                                                                                       **PLAINTIFF**
216 Haycraft Street
Elizabethtown, Ky 42701


**VS.**                                              **AMENDED COMPLAINT**

Sheriff Russell McCoy
Larue County Sheriff's Department
209 West high Street
Suite 6
Hodgenville, Ky 42748

Unknown Employees of the Larue County Sheriff's Department            **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Anthony Freeman, by counsel, and for his Amended Cause of Action, states as follows:

1. Reiterates each and every allegation of Plaintiff's original complaint paragraphs 1 -22 as if set out here in full.

2. That the Defendant, Sheriff Russell McCoy inadequately trained and supervised the employees under his control to stop African American Citizens in violation of their 4th and 14th Amendments of the Constitution of the United States of American and 42 USC sec. 1983.

3. That the Defendant, Sheriff Russell McCoy inadequately trained and supervised the employees under his control after stopping African American Citizens and in this case, the Plaintiff, Anthony Freeman, in violation of their 4th and 14th Amendments of the Constitution of the United States of American and 42 USC sec. 1983 by unlawfully detaining them. assaulting

them, harassing and humiliating them, and without probable cause searching their—vehicle of Anthony Freeman—vehicle.

**WHEREFORE**, Plaintiff, Anthony Freeman, reiterates and demands judgment against Sheriff Russel McCoy, Larue County Sheriff's Department and unknown employees—Detectives of the Larue County Sheriff's Department as follows:

A. A finding of deprivation of the Plaintiffs' civil rights pursuant 42 USC § 1983, 1988, *et seq.*; Title VI of the Civil Rights Act of 1964; the 14th Amendment to the Constitution of the United States of America, and all applicable constitutional provisions of the Constitution of the Commonwealth of Kentucky, KRS 344.010. et. Seq. and any and all other appropriate statutory law; and, negligence;

B. Compensatory damages both actual, incidental, punitive and/or exemplary where allowed by law, divisible to the individual Plaintiffs in a sum not to exceed amount that exceeds the jurisdiction of the United States District Court and/or $250,000

C. Attorney's fees where allowed by law;

D. All court costs herein expended;

E. Any and all other relief to which the Plaintiff may appear entitled.

                                                              /S/ Teddy B. Gordon
TEDDY B. GORDON
tbearaty@aol.com
Attorney for Plaintiff
616 South Fifth Street
Louisville, Kentucky 40202
(502) 585-3534