**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
Civil Action No. 3:19-CV-00074-DJH**

ANTHONY FREEMAN                                                   **PLAINTIFF**

VS.          **PLANTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Sheriff Russell McCoy
Larue County Sheriff's Department

Unknown Employees of the Larue County Sheriff's Department       **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Anthony Freeman, by counsel, and for his response to Defendants' Motion to dismiss, states as follows:

**MAY IT PLEASE THIS HONORABLE COURT:**

In an abundance of caution, simultaneously with this response. Plaintiff has filed an amended complaint to clarify the cause(s) of action against Sheriff Russell McCoy.

Although Defendant does not assert that the unknown Deputy sheriff and unknown detectives are NOT employees of Sheriff Russell McCoy, not does Defendant, Sheriff Russell McCoy assert that he does not supervise the Deputy Sheriff and Detectives employed by him that stopped Anthony Freeman, with the Amended Complaint Plaintiff reiterates and clarifies that these employees are inadequately trained. Sheriff Russell McCoy's supervision of his employees will be hereinafter discussed.

## STANDARD OF REVIEW

A motion to dismiss a complaint for failure to state a claim should not be granted when it appears the pleading party would be entitled to relief under any set of facts which could be proven in support of his or her claim.[1] Stated alternatively, a complaint should not be dismissed for failure to state a claim unless it appears to a certainty that the claimant is entitled to no relief under any set of facts which could be proven in support of the claim.[2] When considering a motion to dismiss under this rule, the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations in the complaint taken to be true.[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]

## STATEMENT OF FACTS

All factual allegations are to be taken as true and are so taken as true since they have not been denied by the Defendant. Additionally, Plaintiff has not taken any discovery to identify the Deputy Sheriff and the unknown detectives, but discovery should confirm through their logs of that night, dashboard cams and possibly body cams who these employees are? Discovery has not been taken as yet to be provided with customs and policies of the sheriff and/or the Sheriff's Department, but it is implausible that there would be policies and procedures that would allow a stop based upon race , assault based upon race, as each of a vehicle based upon race, and the overall unprofessional conduct demonstrated against the Plaintiff.

---

[1]Pari-Mutuel Clerks' Union v. Kentucky Jockey Club, 551 S.W.2d 801 (Ky. 1977)
[2]Spencer v. Woods, 282 S.W.2d 851 (Ky. 1955) (emphasis added); Upchurch v. Clinton County, 330 S.W.2d 428 (Ky. 1959)
[3]5 Gall v. Scroggy, 725 S.W.2d 867 (Ky. Ct. App. 1987).
[4]Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)

In addition, thereto, Anthony Freeman has oral witnesses to the tragic racially motivated events that occurred that evening.

Using the facts as to the argument presented by Sheriff Russell McCoy, the Sheriff now asserts that these employees hired by him , trained by him, and supervised by him committed these horrific acts toward Anthony Freeman with acquiescence of the Sheriff that he would approve of these acts.

## STATEMENT OF AUTHORITIES

"(M)unicipalities and other local government units" are "persons" for purposes of 42 USC § 1983 which "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where…the action is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision…promulgated by that body's officers."[5]11 The municipality is subject to liability for the deprivation of constitutionally protected rights pursuant to the customs or policies of the municipality[6] and shall still be found liable if the custom is inconsistent with the body's official policy.[7]

A non-arresting officer who instigates or causes an unlawful arrest can still be liable under the Fourth Amendment.[8]19 Claims against police chiefs and commanding officers related to policies, practices and customs which lead to constitutional violations of their subordinates, for purposes of Rule 12, are sufficient to survive dismissal.[9]

---

[5] Monell v. Dep't of Soc. Services, 436 U.S. 658, 690 (1978).
[6] Id. at 691.
[7] City of St. Louis v. Prapotnik, 485 U.S. 112, 121 (1988).
[8] Lindsey v. Adkinson, No. 1:17-CV-00105-HBB, 2018 U.S. Dist. LEXIS 30996, at *14 (W.D. Ky. Feb. 26, 2018) (citing Jordan v. Mosley, 487 F.3d 1350, 1354 (11th Cir. 2007); McPhearson v. Anderson, 873 F. Supp. 2d 753, 757 (E.D. Va. 2012)
[9] Id.

If supervisors are be alleged to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers," they may be found individually liable.[10]

As the Supreme Court explained in Canton, commanding officers may also be found liable when they are deliberately indifferent to the need to train officers that their actions will lead to unconstitutional conduct:

> "It may seem contrary to common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that 21 Phillips v. Roane Cty., Tenn., 534 F.3d 531, 543 (6th Cir. 2008); cited by New v. Louisville Metro Gov't, supra, (W.D. Ky. 2016). Case 3:19-cv-00564-DJH-RSE Document 12 Filed 10/16/19 Page 7 of 14 PageID #: 80 8 the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury."[11]

This District has addressed similar issues at this stage, finding that dismissal would not be proper against a Sheriff when evidence could demonstrate inadequate training despite an

---

[10] Phillips v. Roane Cty., Tenn., 534 F.3d 531, 543 (6th Cir. 2008); cited by New v. Louisville Metro Gov't, supra, (W.D. Ky. 2016).
[11] City of Canton v. Harris, 489 U.S. 378, 389 (1989).

obvious and predictable need for training officers as to how to properly conduct a warrantless search or seizure of evidence.[12]

Further, if Plaintiffs demonstrate that Defendants "knew or reasonably should have known" that their official actions would violate Plaintiffs' rights, then a claim is warranted.[13]

**The Plaintiffs' complaint has sufficiently alleged claims of Failure to Train, Negligent Training and Supervision and Amended Complaint**

The complaint offers facts to support allegations on each matter before the Court. Defendants' arguments for dismissal of the failure to train claim is a factual argument inappropriate for a 12(b)(6) motion to dismiss in its entirety. Legally, the United States Supreme Court has held that when assigning duties to specific officers "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."[14] Only the discovery process will shed light into what training the deputy sheriff and unknown detectives utilized that night.

The complaint enumerates the unconstitutional, dehumanizing, and humiliating actions. As such, Defendants' motion to dismiss the claim for failure to effectively plead negligent training and supervision must be denied. The adequacy, or inadequacy, of a police training program can be the basis for §1983 liability "only where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact."

---

[12]Meogrossi v. Aubrey, No. 3:09cv-00301-JDM (W.D. Ky. Mar. 31, 2011). See also 12(b)(6).
[13]Id.
[14]City of Canton v. Harris, 489 U.S. 378, 389 (1989).

**The Complaint effectively delineates Plaintiff's 14th Amendment claims therefore, Defendants' motion to dismiss claims under the 14th Amendment is premature and must be denied.**

The allegations in the entirety of the complaint are the very behaviors protected by not only the Fourth Amendment of the Constitution of the United States, but also the Fourteenth Amendment of the Constitution of the United States which provides that every citizen shall be treated equally and afforded due process under the laws of this country. Defendants' actions denied Plaintiff both protections. Defendants' argument amounts to nothing more than a factual argument clothed in a legal argument. The complaint states the Plaintiff's position that but for his race, his gender, Freeman would not have been pulled over. He would not have been forcibly removed from his vehicle, searched, and wrongfully detained. Vehicle searched without probable cause and released with no charges of any kind.

## Conclusion

For these reasons stated herein, Plaintiff respectfully requests that Defendants Partial Motion to Dismiss be denied.

____/S/Teddy B. Gordon_____
TEDDY B. GORDON
tbearaty@aol.com
Attorney for Plaintiff
616 South Fifth Street
Louisville, Kentucky 40202
(502) 585-3534

## **CERTIFICATION**

It is hereby certified that a true and accurate copy of the foregoing was sent on this 7th day of April, 2022, by and through ECF filing to R. Keith Bond, Coleman, Lochmiller & Bond, PO Box 1177, Elizabethtown, KY 42702-1177.

    /S/Teddy B. Gordon_____
TEDDY B. GORDON